## *United States Court of Appeals*
**FIFTH CIRCUIT**
**OFFICE OF THE CLERK**

**LYLE W. CAYCE**
**CLERK**

**TEL. 504-310-7700**
**600 S. MAESTRI PLACE,**
**Suite 115**
**NEW ORLEANS, LA 70130**

January 02, 2024

MEMORANDUM TO COUNSEL OR PARTIES LISTED BELOW

Regarding: Fifth Circuit Statement on Petitions for Rehearing or Rehearing En Banc

No. 23-10246   State of Texas v. Becerra
              USDC No. 5:22-CV-185

Enclosed is a copy of the court's decision. The court has entered judgment under Fed. R. App. P. 36. (However, the opinion may yet contain typographical or printing errors which are subject to correction.)

Fed. R. App. P. 39 through 41, and Fed. R. App. P. 35, 39, and 41 govern costs, rehearings, and mandates. **Fed. R. App. P. 35 and 40 require you to attach to your petition for panel rehearing or rehearing en banc an unmarked copy of the court's opinion or order**. Please read carefully the Internal Operating Procedures (IOP's) following Fed. R. App. P. 40 and Fed. R. App. P. 35 for a discussion of when a rehearing may be appropriate, the legal standards applied and sanctions which may be imposed if you make a nonmeritorious petition for rehearing en banc.

<u>Direct Criminal Appeals</u>. Fed. R. App. P. 41 provides that a motion for a stay of mandate under Fed. R. App. P. 41 will not be granted simply upon request. The petition must set forth good cause for a stay or clearly demonstrate that a substantial question will be presented to the Supreme Court. Otherwise, this court may deny the motion and issue the mandate immediately.

<u>Pro Se Cases</u>. If you were unsuccessful in the district court and/or on appeal, and are considering filing a petition for <u>certiorari</u> in the United States Supreme Court, you do not need to file a motion for stay of mandate under Fed. R. App. P. 41. The issuance of the mandate does not affect the time, or your right, to file with the Supreme Court.

<u>Court Appointed Counsel</u>. Court appointed counsel is responsible for filing petition(s) for rehearing(s) (panel and/or en banc) and writ(s) of certiorari to the U.S. Supreme Court, unless relieved of your obligation by court order. If it is your intention to file a motion to withdraw as counsel, you should notify your client promptly, **and advise them of the time limits for filing for rehearing and certiorari**. Additionally, you MUST confirm that this information was given to your client, within the body of your motion to withdraw as counsel.

The judgment entered provides that each party to bear its own costs on appeal.

                    Sincerely,

                    LYLE W. CAYCE, Clerk

                    */s/ Roeshawn Johnson*
By: _____
    Roeshawn Johnson, Deputy Clerk

Enclosure(s)

Mr. Steven H. Aden
Mr. Adam B. Aukland-Peck
Mr. Ryan L. Bangert
Ms. Sara Baumgardner
Ms. Julie Marie Blake
Mr. Matthew Scott Bowman
Mr. Brennan Tyler Brooks
Mr. John J. Bursch
Mr. Nicholas S. Crown
Ms. Deborah Jane Dewart
Mr. Jeffrey B. Dubner
Ms. Karli Eisenberg
Mr. Christopher Robert Healy
Ms. Amy Snow Hilton
Mr. Christopher D. Hilton
Ms. Rebecca R Messall
Ms. Rachel Neil
Ms. McKaye Lea Neumeister
Ms. Skye Lynn Perryman
Mr. Michael S. Raab
Mr. Gene C. Schaerr
Ms. Shannon Rose Selden
Mrs. Cristina Martinez Squiers
Ms. Natalie Deyo Thompson
Mr. John Marc Wheat